UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARDS,

        Plaintiff,                          Hon. Richard Alan Enslen

v.                                          Case No. 4:06 CV 149

MARY TOWNSEL-MUNDAY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Munday's Motion for Summary Judgment. (Dkt. #23). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and Plaintiff's action dismissed without prejudice.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint and related pleadings. (Dkt. #1, 5). On September 14, 2005, prison officials approved Plaintiff's request to be moved to the tobacco-free housing unit. On September 6, 2006, Plaintiff submitted a grievance in which he alleged that unidentified prison officials refused his request to be moved to a different cell. Defendant interviewed Plaintiff as part of the grievance resolution process. During this interview Defendant informed Plaintiff that in retaliation for having submitted his grievance she would remove him from the tobacco-free housing unit. Plaintiff was subsequently moved out of the tobacco-free housing unit into a "smoking environment" which endangers his health. Plaintiff asserts that Defendant's conduct violated

his First Amendment right to not be subjected to improper retaliation, his Eighth Amendment right not to be subjected to cruel and unusual punishment, and his Fourteenth Amendment right to procedural due process. Defendant now moves for summary judgment, alleging that Plaintiff has failed to properly exhaust all available administrative remedies with respect to the claims asserted in his complaint.

## SUMMARY JUDGMENT STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989).

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992).

Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252. Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

I.        **Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 126 S.Ct. 2378, 2386-87 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 127 S.Ct. at 922-23.

Plaintiff has included with his complaint the grievance (identified above) he filed alleging that prison officials refused his request to be moved to a different cell. Defendant concedes that Plaintiff

pursued this particular grievance (unsuccessfully) through all three steps of the grievance process. This particular grievance, however, makes absolutely no mention of the conduct which gives rise to the present action. As noted above, it was the filing of this grievance which allegedly precipitated Defendant's unlawful actions. Thus, as a matter of logic this particular grievance cannot constitute proper exhaustion of the claims articulated in Plaintiff's complaint.

Defendant has submitted evidence that Plaintiff has never submitted a grievance regarding the matters alleged in his complaint. (Dkt. #23; Stapleton Affidavit). Plaintiff has failed to submit any evidence in response thereto. Instead, Plaintiff asserts, in his response to Defendant's motion for summary judgment, that "[p]rison inmates alleging deprivation of Federal Constitutional Right to Due Process, Cruel and Unusual Punishment and Retaliation under 'color of state' law were not required to exhaust administrative remedies." (Dkt. #41 at 4). As the authority identified above makes clear, Plaintiff's assertion in this regard is an inaccurate statement regarding his obligation to exhaust his administrative remedies prior to initiating legal action such as this.

In sum, the Court concludes that Defendant has satisfied her burden of demonstrating that Plaintiff failed to exhaust administrative remedies prior to initiating the present action. Accordingly, the Court recommends that Defendant's motion for summary judgment be granted and that Plaintiff's complaint be dismissed without prejudice.

**CONCLUSION**

As discussed herein, the Court recommends that <u>Defendant Munday's Motion for Summary Judgment</u>, (dkt. #23), be **granted** and Plaintiff's action dismissed without prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  January 7, 2008                       /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             United States Magistrate Judge