UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BROWN EDWARDS JR.,   Case No. 4:06-CV-149

    Plaintiff,   Hon. Richard Alan Enslen

v.

M. TOWNSEL-MUNDAY,

**JUDGMENT**

    Defendant.
_____/

    This matter is before the Court on Plaintiff James Brown Edwards Jr.'s Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 7, 2008, which recommended that Defendant Mary Townsel-Munday's Motion for Summary Judgment be granted and Plaintiff's civil rights action be dismissed without prejudice. The Court now reviews the Report, Objections, Motion for Summary Judgment, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). The Court reads Plaintiff's *pro se* Complaint and Objections indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accepts Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below and in the Report, the Court finds Plaintiff's Objections to be without merit.

    Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a

reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

While this analysis assumes the adequacy of discovery, a party cannot oppose summary judgment based on vague generalizations that discovery has been inadequate. Rather, under the language of Rule 56 and the caselaw of this Circuit, a party urging that discovery has been insufficient must file a specific affidavit establishing that "the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f); *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995); *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990). The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court must dismiss prisoner actions that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). A complaint fails to state a claim if it is clear that no relief could be granted under any set of facts consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal law and must show that the deprivation of such right was committed by a person acting under the color of state law.

*West v. Adkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff objects to the Report's conclusion that he has not exhausted all available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (detailing exhaustion requirement). Plaintiff contends he has exhausted all remedies. The Court finds this argument baseless. Plaintiff has not provided evidence supporting exhaustion of his grievance. In fact, the evidence he submitted to the Court suggests that Plaintiff has never even submitted a grievance regarding the matters alleged in the Complaint. (*See* Dkt. No. 47, Ex. 1.) This is corroborated by evidence submitted by Defendant, which attests to Plaintiff's failure to file a grievance. (*See* Stapleton Aff.) Accordingly, the Court agrees with the Report that there exist no genuine issues of material fact since Plaintiff has not exhausted his administrative remedies.

For the reasons given here and in the Report, the Court discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff James Brown Edwards Jr.'s Objections (Dkt. No. 47) are **DENIED**, the Report and Recommendation (Dkt. No. 46) is **ADOPTED**, all of Plaintiff's claims are **DISMISSED WITH PREJUDICE**, and the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith.

DATED in Kalamazoo, MI:  
February 4, 2008

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE